USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QIAO XING SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions | MASTER FILE<br>07-CIV-7097 (DLC)<br><br>**ECF Case** |

## FINAL APPROVAL ORDER AND JUDGMENT

On the 11th day of July, 2008, a hearing having been held before this Court to determine: (a) whether the above-captioned Federal Securities Class Action (the "Action") satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement, filed with this Court on February 25, 2008, (the "Stipulation"), are fair, reasonable, and adequate, and should be approved by the Court; (c) whether the proposed plan to distribute the Settlement Fund to the Settlement Class (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Final Approval Order and Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims by the Settlement Class Members of the Released Parties, as set forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (f) such other matters as the Court may deem appropriate, and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a Notice of Pendency and Proposed Settlement of Class Action substantially in the form approved by the Court in the Preliminary Order was mailed to all

persons and entities reasonably identifiable who purchased the common stock or traded in the options that are the subject of the Action during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Pendency of and Proposed Settlement of Class Action Involving Qiao Xing Universal Telephone Inc. substantially in the form approved by the Court in the Preliminary Order was published electronically pursuant to the specifications of the Court; and

The Court having considered the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and Defendants.

2.  All capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3.  The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f)

a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds that the notice distributed to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law. A full opportunity has been offered to the Settlement Class Members to exclude themselves from or object to the Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members who did not elect to exclude themselves by written communication postmarked or delivered on or before June 16, 2008 are bound by this Final Approval Order and Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who 1) purchased shares of *Qiao Xing Universal Telephone, Inc.* ("Qiao Xing") common stock between June 30, 2004 and July 16, 2007, both dates inclusive; 2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive; or 3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive.

6. The "Class" or "Settlement Class" includes the Settlement Class Members collectively as well as each Settlement Class Member acting individually. Defendants, Qiao

Xing (including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present and past officers and directors, agents, employees, consultants, including members of their immediate families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which any one of them has or had a controlling interest, or which is related or affiliated with any of the foregoing, are excluded from the Settlement Class. Also excluded is any person or entity who files a valid request for exclusion from the Settlement Class.

7.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as a class representative and Lead Plaintiff's selection of Murray, Frank & Sailer LLP as class counsel is approved.

8.  The Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9.  The Action is hereby dismissed with prejudice and without costs.

10. Lead Plaintiff and the Settlement Class Members, on behalf of themselves, and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues, heirs, spouses, representatives, successors and assigns, and any persons they represent, hereby release and forever discharge each and every of the Released Claims against the Released Parties.

11. Lead Plaintiff and the Settlement Class Members, on behalf of themselves and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues

heirs, spouses, representatives, successors and assigns, and any persons they represent, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly, indirectly, derivatively, or in any other capacity, the Released Claims against the Released Parties. The Released Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice.

12. The Court finds that all parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Final Approval Order and Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    (a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

    (b) offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statements or written document approved or made by any Defendant;

    (c) offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence,

fault, or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as, or received in evidence as, an admission, concession, or presumption against the Class that any of its claims are without merit or that damages recoverable under any of the complaints filed in the Action would not have exceeded the Settlement Fund.

14. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. Upon entry of this judgment, Lead Counsel is hereby awarded the sum of $ _280,000.00_ in fees, which sum the Court finds to be fair and reasonable, and $ _59,628.23_ in reimbursement of expenses, which amounts shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

16. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation,

effectuation, or enforcement of the Stipulation and this Final Approval Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The finality of this Final Approval Order and Judgment shall not be affected, in any manner, by rulings that the Court has made on the motion for approval of the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Final Approval Order and Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

20. The Defendants have provided notifications to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

The Clerk of Court shall close the case.

Dated: July 11, 2008

_____
U.S.D.J.